**E-FILED**

Tuesday, 11 December, 2007 01:59:19 PM
Clerk, U.S. District Court, ILCD

# United States District Court

CENTRAL DISTRICT OF ILLINOIS

**FILED**

Alvin McGee

**Plaintiff**

DEC 1 1 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

vs.

Case No. 07-1338

*The case # will be assigned by the clerk)*

Stephan Wright

**Defendant(s)**

Robert K. Schisler

Jerri Friend

Sgt. Lock

Sgt. Custer

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

## COMPLAINT[*]

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action*

*[*]Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

*(against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

■ **42 U.S.C. §1983 (state, county or municipal defendants)**

☐ **Action under** *Bivens v. Six Unknown Federal Narcotics Agents***, 403 U.S. 388 (1971)(federal defendants)**

☐ **Other federal law:** _____

☐ **Unknown** _____

## I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

**A. Plaintiff:**

Full Name: _Alvin McGee_

Prison Identification Number: _K71104_

Current address: _Hill Correctional Center  600 S. Linwood Road, P.O. Box 1700, Galesburg  Illinois  61401_

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

**B. Defendants**

Defendant #1:

Full Name: _Stephen A. Wright_

Current Job Title: _Asst. Warden_

2

**Current Work Address** Hill Correctional Center 600 S. Linwood Road, P.O. Box 1700 Galesburg Illinois 61401

**Defendant #2:**

**Full Name:** Robert K. Schisler

**Current Job Title:** Grievance Officer

**Current Work Address** Hill Correctional Center 600 S. Linwood Road, P.o Box 1700 Galesburg Illinois 61401

**Defendant #3:**

**Full Name:** Jerri Friend

**Current Job Title:** Counselor

**Current Work Address** Hill Correctional Center 600 S. Linwood Road, P.O. Box 1700, Galesburg Illinois 61401

**Defendant #4:**

**Full Name:** Sgt. Lock

**Current Job Title:** Correctional Officer with the rank of sergeant

**Current Work Address** Hill Correctional Center, 600 S. Linwood Road, P.O. Box 1700, Galesburg Illinois 61401

**Defendant #5:**

**Full Name:** Sgt. Custer

**Current Job Title:** Correctional Officer with the rank of sergeant

**Current Work Address** Hill Correctional Center, 600 S. Linwood Road, P.O. Box 1700, Galesburg Illinois 61401

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

**A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved**

in this case?            Yes  ☐            No  ■

If yes, please describe _____

_____

**B. Have you brought any other lawsuits in federal court while incarcerated?**

Yes  ☐            No  ■

**C. If your answer to B is yes, how many? _____ Describe the lawsuit(s) below.**

1. Name of Case, Court and Docket Number

_____

2. Basic claim made _____

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still

pending?) _____

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, yourcase must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court*

4

*in understanding your claim.*

**A. Is there a grievance procedure available at your institution?  Yes ■    No ☐**

**B. Have you filed a grievance concerning the facts relating to this complaint?**

     **Yes ■    No ☐**

**If your answer is no, explain why not** _____

_____

**C. Is the grievance process completed?   Yes ■    No ☐**

## V. STATEMENT OF CLAIM

**Place(s) of the occurrence** ___Hill Correctional Center___

**Date(s) of the occurrence** ___5/23/2007___

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

_____

NEXT PAGE

_____

**Place of the occurrence** Hill Correctional Center

**Date of the occurrence** 23RD of May 2007

**Witnesses to the occurrence** _____

*State here briefly the FACTS that support your case. Describe how EACH defendant is involved. Do not give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*
            *THE COURT STRONGLY URGES THAT YOU USE ONLY THE SPACE PROVIDED.*

I Alvin McGee, bring this matter to this Honorable Court, for direction of these Constitutional violations.
    And I am attaching all exhibits, and am explaining to the best of my knowledge.

            1) On 5/23/07 C/O Sgt. Lock and C/O Sgt. Custer came to my cell with (3) other officers asking me and my cellmate for I.D. I was then told to exit the cell, after I exit the cell I was ask which property boxes were mine, now for what reason they conducted a shakedown of my property which I come to believe was harassment and direct discrimination toward me since they didn't shake my cellmate, I explain to them at that time that I had verification to show that I purchased and paid for all my items
            2) Now at this time they confiscated several items "which I've attached a shakedown slip as exhibit (A)"
            I then ask C/O Sgt. Lock, what rule did I brake to warrant the confiscation of my commisary. C/O Sgt. Lock stated in a threatening manner to get away from the door before he confiscate my T.V.
    A) I believe this is showing that C/O Sgt. Lock use of intimidation and threat, illegal confiscation of commisary, sexual gestures, and failure to comply with all administrative directives, institutional directives, departmental rules, employee conduct rules, and written or verbal orders issued by authorized supervisory personnel as stated in the Illinois Administrative Code is an act of abuse of authority. These acts has pointed out yet another violation of my constitutional rights.
    B) And all this ordering me to leave the cell and get in the cell, was done with sarcasm, an attempt to provoke me
            3) Another issue, when I ask C/O Sgt. Lock for an explanation as to what was going on, C/O Sgt. Lock responded by saying "get in the cell", and a sexual gesture by puckering his lips and winking his eye at me before slamming the celldoor in my face.

4

A) At that time I felt threatened, for my well being by his actions because of C/o Sgt. Lock reputation and still do not feel safe being in this facility with all the staff that is involve. I'm not the only inmate that this intimidation, harassment and discrimination is effecting at Hill Correctional Center. There several inmates that this is happening to among other things.

4) Now on 5/23/07 after this incident taking place I wrote a grievance and sent it to Counselor Jerri Friend. "I've attached the grievance as exhibit (B)." After learning that the counselor is suppose to respond within (30) days I sent a request to Counselor on 6/11/07 asking for a status report and a copy of the grievance. "I've attached the request as exhibit (C)." With still no response from Counselor Jerri Friend after the (30) day time limit. I sent a request to the Correctional Casework Supervisor Jeffrey Sutor reporting Counselor Jerri Friend actions and asking for a status report on the grievance. "I've attached the request as exhibit (D)." This request was sent 7/17/07. Counselor Jerri Friend receive the grievance on 5/29/07, but didn't respond back until 7/31/07 long after the time had expired. See exhibit (B) stating staff had denied all allegations.

5) Now on 7/31/07 after receiving grievance back from Counselor Jerri Friend. I sent the grievance to the next level which is to the grievance officer. According to the grievance officer report " which I've attached as exhibit (E)" the grievance was received 8/1/07 and reviewed 8/3/07. On grievance officer report Counselor Jerri Friend states "If the inmate believes that his commissary items were removed incorrectly, the inmate can apply to Internal Affairs for their return." Grievance Officer Robert K. Schisler recommendation was that the grievance be denied because the allegation of staff misconduct could not be substantiated based upon total review of all available information. Clearly Grievance Officer Robert K. Schisler didn't review this issues in full, because had he, he would've known that Internal Affairs return all the items C/o Sgt. Lock illegally confiscated. 6/2/07 (10) days after he took them which was 5/23/07. Therefore, Grievance Officer Robert K. Schisler response was inappropriate and clearly was an attempt to cover up the actions of his fellow officers by not reviewing the matter at hand.

6) Now the Administrative Review Board would not address this issue stating that the grievance was not submitted in the timeframe outlined in Department Rule 504. Exhibit (B) shows that the grievance was submitted 5/23/07 and received by staff 5/29/07 within the proper timeframe according to the Inmate Orientation Manual. "I've attached a copy of page 11 & 12 of the Inmate Orientation Manual as exhibit (G)." After I submitted the grievance

1:07 the 0 6:00 Hours Staff then obligated to respond back within the proper timeframe outlined in the Department Rule 304. Since this wasn't done I believe this is another violation of my constitutional rights by holding the grievance, so I could not proceed.

7) So in other words the threats and intimidation, sexual misconduct, harassment, illegal confiscation of my commisary items, and discrimination with the grievance process has hurt me mentally and also has me fearful for my wellbeing. Also there were no I.D.R or investigative report written for the illegal confiscation and/or an investigation of how I was treated by C/o Sgt. Lord, C/o Sgt. Custer and their fellow officers. Grievance officer Robert K. Schisler, just denied the grievance stating that the "inmates allegation of staff misconduct can not be substantiated", but never stated why the allegations could not be substantiated. It is my belief that the exhibits attached here to have shown staff misconduct. The grievance was written 5/23/07 and was stamped as being received by staff 5/29/07 (6) days from the time it was written. Counselor Jerri Friend responded back 7/31/07, which is clearly passed the time limit. The grievance officer received the grievance 8/1/07 and reviewed it on 8/3/07. The Chief Administrative officer Stephen Wright received and signed off on the grievance 8/9/07. I then received the grievance 8/15/07 and sent it to the Administrative Review Board. The Administrative Review Board received the grievance 8/21/07 and denied it 10/22/07 stating that it was not submitted within the timeframe. "I've attached the Administrative Review Board correspondence as exhibit (F)". I also sent a letter to the Administrative Review Board detailing the actions of how the staff handle this matter. "I've attached the letter as exhibit (H)". All the exhibits presented show I have taken all the proper steps within the timeframe, but due to the staff stalling I was denied due process and achieve nothing.

I still fear for my wellbeing here at Hill Correctional Center, cause if this has happened once, who knows what will happen next after first proceeding this matter to the Administration, then to the Administrative Review Board, and now through a complaint in this honorable Courts.

I have for the officers to be disciplined for their actions but this has made me believe this incident has been as the old saying "swept under the rug" hoping that it'll go away.

8) Now as for Stephen Wright he was the Chief Administrative officer at the time and should reviewed the evidence which clearly show the misconduct of his officers.

9) Also since this has taken place I have had several officers to look at me in a threatening manner raising their voices for no reason, and the longer I stay at this facility the more it's affecting my nerves. I'm having trouble eating, sleeping, or getting anything done by the counselors. I'm afraid to go to chow or yard at times depending on

5

which officers are working at that time. I'm afraid that they may try to retaliate which has happen to several inmates who have filed grievances here at Hill Correctional Center.

Again I pray this Honorable Court can grant me wide latitude and allow me to proceed this matter in this court to stop these individuals from doing harm to other's.

I believe this experience has damaged me mentally, because these last few months I've been really down and depress. These staff members got me fearing their gonna do something to me.

## CONCLUSION

I would also like to point out that I'm not doing this to take up anyone's time or for anyone to get hurt. I'm doing what a lot of other inmates need to be doing, but are afraid to do. By not taking the much needed steps to cure this problem. The staff at Hill Correctional Center will continue to do and treat us inhumanely.

Also I believe I should be awarded what I have requested cause of irreparable damages mentally and physically. If the staff are not abiding by their directives and time limits. Then how could anyone receive any type of relief where this Administration practice use of discrimination against inmates when it fails to discipline officers who show signs of misconduct use. Clearly, there should be some type of remedy for whomever suffer from this abuse, and violations of my 14th Amendment Rights

Alvin McGee

Alvin McGee

K71104

600 S. Linwood Road

P.O. Box 1700

Galesburg Illinois 61401

11/27/07

5

*(State exactly what relief you want from the court.)*

1) I would like the defendants to pay a sum of $500,000 for mental anguish and for them to pay from their own pocket for their own actions.

2) I would like for the defendants to receive time off without pay to think about what their responsibilities are, and how their actions affected me.

3) I would like to be transferred to another facility. Most likely Danville Correctional Center so I can continue my education with Danville Community College. Danville Correctional Center is the only other facility beside Hill Correctional Center where Danville Community College has programs.

4) If there is any other type of relief the courts believe would be appropriate from the defendants. I would like the courts to handle it accordly.

5) I believe that once the staff at Hill C.C. get notified of this complaint they will try to transfer me to a facility further south. I ask that the courts not allow this to happen, because due to family complication this would stop them from being able to visit me. Again if I don't leave Hill C.C. I fear something will happen that would lead into more serious action in the courts.

**JURY DEMAND**          Yes  ■          No  ☐

Signed this ___27th___ day of ___November___, 2007.

*Alvin McGee*

( *Signature of Plaintiff* )

| Name of Plaintiff: <br> Alvin McGee | Inmate Identification Number: <br> K71104 |
|---|---|
| Address: Hill Correctional Center <br> 600 S. Linwood Road <br> P.O. Box 1700, Galesburg Illinois 61401 | Telephone Number: |

6



**ILLINOIS DEPARTMENT OF CORRECTIONS**
## Shakedown Record/Confiscated Contraband

Exhibit No. _____
CLIC No. _____

Date: _____ Time: _____ ☐ a.m. ☐ p.m.  Bldg. Area: _F 1_

Living Area: _A 1_   Occupied: ☒ Yes  ☐ No

Violator: _____   No. _____

Violator: _____   No. _____

Was any contraband found?   ☐ Yes   ☐ No

Item(s) (Description and circumstances of discovery): _____

_____

_____

_____

_____

_____

_____

Witness: _____

Disciplinary Report written: ☐ Yes ☐ No   Incident Report written: ☐ Yes ☐ No

_____
Employee Signature

_____  _____  _____ ☐ a.m. ☐ p.m.
Badge No.            Date                  Time

---

Shift Supervisor:  Date Received: _____ Time: _____ ☐ a.m. ☐ p.m.

☐ Major Contraband  ☐ Minor Contraband: _____
                                                          Signature

Disposition: _____

Date: _____ Time: _____ ☐ a.m. ☐ p.m.  Initials: _____

Receiving Custodian: Date Received: _____ Time: _____ ☐ a.m. ☐ p.m.

☐ Major Contraband  ☐ Minor Contraband: _____
                                                          Custodian Signature

Chain-of-Custody after the Custodian has received the item:

From: _____   To: _____
Date Received: _____   Time: _____  ☐ a.m.  ☐ p.m.

From: _____   To: _____
Date Received: _____   Time: _____  ☐ a.m.  ☐ p.m.

From: _____   To: _____
Date Received: _____   Time: _____  ☐ a.m.  ☐ p.m.

From: _____   To: _____
Date Received: _____   Time: _____  ☐ a.m.  ☐ p.m.

Final Disposition: _____

Date: _____   Custodian's Initials: _____

---

Distribution: With Item (Tag); Supervisor; Employee; Disciplinary Report; Violator

DOC0300 (Eff. 4/2008)
(Replaces DC 252)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

09-0116 ✓ 1 B 14

| Date: 5/23/07 | Offender: (Please Print) ALVIN McGEE | 5 | ID#: K71104 |
|---|---|---|---|

Present Facility: Hill Corr. Ctr.    Facility where grievance issue occurred: Hill Corr. Ctr.

6/2/07

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☑ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☑ Other (specify) ___

☐ Disciplinary Report: ___/___/___  Date of Report

Facility where issued ___

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: This grievance is being filed Against 4/o Sgt. Lock for the following violations; Abuse of Power, Intimidation or threat by an officer, Sexual Misconduct, Theft by deception, failure to comply with All Administrative Directives, Institutional Directives, Departmental Rules, Employee Conduct Rules, And written or verbal orders issued by Authorized supervisory personnel as stated in the Illinois Administrative Code. ( On the above date 5/o Sgt. Lock And 5/o Sgt. Cluster with 3 other 4/o's enter my cell And ask me And my cellmate for I.D. Upon receiving my I.D. The both

Relief Requested: 4/o Sgt. Lock to receive disciplinary Action, And for every item confiscated from me return undamage. Every item damage or Not return I would like to be reimburse for the lost or damages.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Alvin McGee    Offender's Signature    K71104   ID#    5,23,07   Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 7,31,07    ☑ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Security staff does not recall the exact date of this inmate but records checking commissary workers calls for items that did not match commissary receipts. A shakedown slip was given and the staff denies any threats or sexual misconduct.

J. Friend    Print Counselor's Name     J. Friend CCI   Counselor's Signature    7,31,07   Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?

☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature     ___/___/___ Date

Distribution: Master File; Offender     Page 1     DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

RECEIVED AUG 21 2007 OFFICE OF INMATE ISSUES

Exhibit (C)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Request**

Offender Name: Alvin McGee                    ID #: K71104  Living Unit: 1 B 14

**Please refer to the directory located in your orientation manual and address proper personnel.**

To: COUNSELOR FRIEND

a request ☐ interview ☐ cell assignment ☐ visit ☐ banking ☐ purchase ☑ other (specify) _____

for the purpose of (explain): GEtTING A COPY OF tHE GRIEVANCE I FiLED AGAINST C/o Sgt. LOCK, AND A STATUS REPORT

ThANK You

_Alvin McGee_                                    6/11/07
Offender's Signature                                    Date

**DO NOT WRITE BELOW THIS LINE**

Remarks by staff (if necessary) : Waiting for a     Remarks by supervisor (if necessary) : _____
response.

V. Fried CCI
Print Staff Name                                    Print Supervisor Name

_____ CCI
Staff Signature          Date          Supervisor Signature          Date

Distribution:  Affected Unit                              DOC 0286 (Eff. 9/2005)
                                                         (Replaces DC7177 & DC3811)
*Printed on Recycled Paper*

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE** (Continued)

of us was ask to step out the cell. I was then ask, which property boxes where mine and to locate my commissary receipts by C/o Sgt. Lock. After giving my receipts to C/o Sgt. Lock I was once again told to step out the cell. He then explain to me that he was confiscating every item that I couldn't show proof of purchase within the last Month. I explain to C/o Sgt. Lock that the majority of my items wasn't purchase within the last month, but were purchase within the last 2 to 3 months which could be verified. C/o Sgt. Lock stated to bad! I ask C/o Sgt. Lock what rule did I brake to support the confiscation of my commissary items. C/o Sgt. Lock replied get away from the door before I confiscate your T.V. C/o Sgt. Locks' threat to confiscate my T.V deprived me of my right to be present during the shakedown. "The use of disorderly conduct during working hours or on institutional property such as threatening or abusing any person by word or act is prohibited. Employees will refrain from boisterous attitudes, arguments, and other acts which might tend to disrupt the harmony and order of the institution" As stated in the Administration Code. After hearing the threat I went to sit down at a table while C/o Sgt. Lock, C/o Sgt. Cluster and their gang with badges continue to rob me of my commissary item. Once witnessing C/o Sgt. Cluster out the cell with a bag full of items I observe certain items that I had just recently purchase. I again attempted to try to get an explanation as to why items that I recently purchase less than 2 days prior were being confiscated. I even attempted to show C/o Sgt. Lock receipts of the recent purchases. C/o Sgt. Lock response was get in the cell while constantly smiling as to provoke me. "Employees are to follow all safety regulations and instructions and are to refrain from any actions which could create a dangerous or potentially dangerous situation for themselves or for other persons" As stated in the Administration Code. While entering the cell I ask C/o Sgt. Lock again for an explanation. C/o Sgt. Lock responded in and with a sexual gesture by puckering his lips and winking his eye at me before slamming the cell door in my face and walking off. Leaving me with no explanation! This type of behavior displayed by C/o Sgt. Lock is absolutely prohibited. According to the Administration Code any employee who is responsible for or knowingly condones such practices will be subject to disciplinary action. I recommend days of without pay.

Thank You.

Respond back or when I see her which is almost never she just say she's waiting on a response. Could you check on it for me?

RESIDENT SIGNATURE: _Alvin McGee_

REASON FOR INTERVIEW MUST BE COMPLETE AND CONCISE

Counselor Friend for a status report on the grievance she don't
And the Chief Administrator in 60 days. Every time I ask
Suppose to receive an response from the Counselor within 30 days
I filed a grievance 5/23/07. According to the Rule book I'm

I REQUEST AN INTERVIEW WITH Counselor Sutor TO DISCUSS THE FOLLOWING

| NAME: MCGEE, ALVIN | NUM: K71104 | HSE: [ ] | GAL: B | CELL: M |

ASSIGNMENT: NonE                    DATE: 7/17/07

STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS

RESIDENT REQUEST

DC7177
IL426-0432

---

## State of Illinois - Department of Corrections

### Counseling Summary

Exh.b.t (D)

| | |
|---|---|
| IDOC # | K71104 |
| Offender Name | MCGEE, ALVIN |
| Current Admit Date | 04/07/2006 |
| MSR Date | 04/30/2019 |
| HSE/GAL/CELL | R1-B-14 |
| Counseling Date | 07/18/07 10:09:21:600 |
| Type | Collateral |
| Method | Other |
| Location | HIL CASEWORK SUPERVISORS OFFICE |
| Staff | SUTOR, JEFFREY O, CORRECTIONAL CASEWORK SUPERVISOR |

In response to your request slip, I will address this issue with your assigned counselor.

1:07-cv-01338-HAB-JAG    # 1    1B14

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| **Grievance Officer's Report** |
| --- |

**Date Received:** August 1, 2007     **Date of Review:** August 3, 2007     **Grievance #** (optional) 08-0116

**Offender:** Mcgee                     **ID#:** K71104

**Nature of Grievance:** Staff conduct

**Facts Reviewed:** The facts presented were examined. The inmate states that on the above listed date ( none given) that Sgt. M. Locke and Sgt. Cluster and three c/o entered the cell of the grievant and told the grievant and his cellmate to point out what property boxes belonged to each inmate. When that was done, the inmates were told to go outside the cell while a shake-down was conducted. The inmate asked what was going on, and Sgt. Locke stated that they were searching for items that could not be proved to have been purchased within the last 30 days at commissary. The inmate then states that Sgt. Locke threatened to remove the inmate's television if the inmate did not get away from the celldoor so the staff could conduct their shake-down. The inmate took that as a threat, and moved away from the cell. Inmate states that under the rules the inmate had the right to stay in the cell and observe the shake-down. While the two inmates sat at a table in the dayroom they observed Sgt. Cluster exit the cell with a large bag of commissary. The grievant states that he returned to the cell and told the staff that he had receipts showing that he had purchased the items taken within the last two days. The inmate states that Sgt. Locke made sexual movements with his mouth as the staff exited the cell.

Correctional Counselor J. Friend states that she interviewed Sgt. Locke and was told that the items taken were not on the receipts. If the inmate believes that his commissary items were removed incorrectly, the inmate can apply to Internal Affairs for their return.

**Recommendation:** Based on a total review of all available information, it is the recommendation of this grievance officer that the inmate's grievance be DENIED. The inmate's allegation of staff misconduct CAN NOT BE SUBSTANTIATED.

Robert K. Schisler, CLAS II               _RKL_
Print Grievance Officer's Name               Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| **Chief Administrative Officer's Response** |
| --- |

**Date Received:** 8/9/07     ☑ I concur     ☐ I do not concur     ☐ Remand

**Comments:**

RECEIVED
OFFICE
INMATE ISS...
AUG 21 2007

Chief Administrative Officer's Signature           8/9/07
                                        Date

| **Offender's Appeal To The Director** |
| --- |

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_Ai- McGee_               K71104     8/18/07
Offender's Signature                  ID#          Date

Exhibit (■)

1B14

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

Offender: _McGee_ ___Alvin___ ___ _K71104_
       Last Name         First Name        MI      ID#

Facility: _Hill_

☒ Grievance (Local Grievance # (if applicable): _08-0116_ )    or    ☐ Correspondence

Received: _8, 2, 07_    Regarding: _Sgt Lock , Sgt Cluder 5-23-07_
      Date

The attached grievance or correspondence is being returned for the following reasons:

---

**Additional information required:**

☐ Use the Committed Person's Grievance Report, DOC 0047 (formerly DC 5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide a copy of the Committed Person's Grievance, DOC 0046 (formerly DC 5657) including the counselor's response if applicable.

☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to:   Administrative Review Board
           Office of Inmate Issues
           1301 Concordia Court
           Springfield, IL 62794-9277

---

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee. If request is denied, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to:   Illinois Prisoner Review Board
           319 E. Madison St., Suite A
           Springfield, IL 62706

---

**No further redress:**

☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, this issue will not be addressed further.

☒ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____/_____/_____.
                           Date

☐ No justification provided for additional consideration.

---

**Other** (specify): _____

_____

Completed by: _____ _Shirly Benton_ _10, 22, 07_
          Print Name                   Signature       Date



Family or friends of inmate's may call Consolidated Communications at 800-235-4416 for rate, billing, or call blocking information. Mail should be addressed as follows:

> Consolidated Communications,
> 121 South 17th Street
> Mattoon, Illinois 61938

Hill Correctional Center does not block telephone numbers. This is an issue between Consolidated Communications, the customer's local telephone company and the customer. Inmates who have questions regarding a telephone number need to address their request to Internal Affairs and must include the telephone number in the request. Inmates are responsible for keeping track of their own telephone numbers, Internal Affairs does not provide copies of lists.

## T. **Barber Shop**

Barber services are provided at Hill Correctional Center Monday through Friday from 8:30 a.m. to 3:00 p.m. Inmates who want barber services must send in a request slip to the barber shop indicating their name, number, housing unit, job assignment, hours of work and days off. An effort will be made to schedule the call pass so it does not conflict with the inmate's work or school assignment. When possible requests for services will be honored every four weeks.

## U. **Grievances**

An inmate shall first attempt to resolve incidents, problems, or complaints other than complaints concerning disciplinary proceedings through his counselor. If an inmate is unable to resolve the complaint informally or if the complaint concerns a disciplinary proceeding, the inmate may file a written grievance on a grievance form that is available in all housing units. A grievance shall be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. However, if an inmate can demonstrate that a grievance was not timely filed for good cause, the grievance shall be considered. The grievance procedure shall not be utilized for complaints regarding decisions that are outside the authority of the Department, such as parole decisions, clemency, or orders regarding length of sentence or decisions that have been rendered by the Director.

The grievance form shall be addressed to the Grievance Officer and shall be deposited in the housing unit mailbox. The grievance shall contain factual details regarding each aspect of the inmate's complaint including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an inmate from filing a grievance when the names of individuals are not known, but the inmate must include as much descriptive information about the individual as possible.

Staff assistance shall be available as requested by those inmates who cannot prepare their grievances unaided as determined by institutional staff. All inmates shall be entitled to file grievances regardless of their disciplinary status or classification.

The Chief Administrative Officer shall appoint 2 or more employees who may serve as a Grievance Officer to attempt to resolve problems, complaints, and grievances that inmates have been unable to resolve through routine channels. No person who is directly involved in the subject matter of the grievance or who was a member of the Adjustment Committee that heard a disciplinary report concerning the grievance may serve as the Grievance Officer reviewing that particular case. A Grievance Officer shall review grievances at least weekly, provided that one or more grievances have been filed. Grievances on issues that are deemed without merit may be returned as denied to the sender without further investigation. No merit grievances include grievances that:

1)    Have previously been addressed for which there is no additional information; or
2)    Are on issues that do not involve or affect the inmate.

11



The Grievance Officer shall promptly submit a copy of any grievance alleging discrimination based on disability or a request for an accommodation based upon disability to the facility ADA Coordinator. The facility ADA Coordinator shall conduct such investigation as deemed appropriate and make written recommendations to the Chief Administrative Officer for resolution of the grievance.

An inmate may be afforded an opportunity to appear before the Grievance Officer unless the grievance is deemed without merit. The Officer may call witnesses as deemed appropriate. The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer. The Chief Administrative Officer shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances. Responses to duplicate grievances on issues that are currently being grieved may be combined in one response.

An inmate may request a grievance be handled on an emergency basis by forwarding the grievance directly to the Chief Administrative Officer.
- a) If the Chief Administrative Officer determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the inmate, the grievance shall be handled on an emergency basis.
- b) The Chief Administrative Officer shall expedite processing of the grievance and respond to the inmate, indicating what action shall be or has been taken.

If, after receiving the response of the Chief Administrative Officer, the inmate still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he may appeal in writing to the Director within 30 days after the date of the decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached. The Director shall review the grievance and the responses of the Grievance Officer and Chief Administrative Officer and shall determine whether the grievance requires a hearing before the Administrative Review Board. If it is determined that the grievance is without merit or can be resolved without a hearing, the inmate shall be advised of this disposition, in writing. The Administrative Review Board shall meet as frequently as necessary and may schedule hearings on grievances. Hearings may be conducted in person or via video or telephonic conference. The Board may call witnesses or examine records at its discretion. The Administrative Review Board shall submit to the Director a written report of its findings and recommendations. The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances. The inmate shall be sent a copy of the Director's decision. In those instances where an inmate is appealing a grievance determined by the Chief Administrative Officer to be of an emergency nature, the Administrative Review Board shall expedite processing of the grievance.

Offenders shall submit grievances directly to the Administrative Review Board when grieving:
- 1) Decisions regarding protective custody placement, including continued placement in or release from protective custody.
- 2) Decisions regarding the involuntary administration of psychotropic medication.
- 3) Decisions regarding disciplinary proceedings that were made at a facility other than the facility where the offender is currently assigned.
- 4) Other issues except personal property issues that pertain to a facility other than the facility where the offender is currently assigned.

## V. **Visiting Privileges**

Inmates must complete a visiting list in order to receive visits. The visiting list must be filled out completely with the visitor's full name, gender, relationship to the inmate, full address and telephone number. Visiting hours for general population inmates are from 8:00 a.m. to 8:00 p.m. seven days a week. All visitors must be signed in the main gate no later than 5:00 p.m. Inmates in general population are allowed a total of 5 visits per month with only 2 of the visits occurring on weekends or holidays. Special visits are defined as the following: critical illness or death of a member of the inmate's immediate family as verified by Clinical Services, one time shared visits, permanent shared visits, additional visitors,

12

RECEIVED

Exhibit (H)

AUG 21 2007

OFFICE OF
INMATE ISSUES

8/18/07

DEAR Administrative Review Board:

I am Appealing this decision to the Director, because of
the use of discrimination practice by the Administration
dealing with inmates grievances Issues concerning staff
Misconduct. It is my belief that After reviewing the
facts this Review Board would render justice. There
are several issues with the facts reviewed by this grievance
officer. First, I never stated that I had the right to be
in the cell during the shake down As stated by the grievance
officer. I did however state I had the Right to observe
the shake down! The fact that the two Sgt. (Lock & cluster)
threaten me and gave me an direct order to get away from
the door deprive me of my Right to observe the shake down.
The grievance officer denied my grievance stating based on
a total Review of all available information the inmate's
Allegation of staff Misconduct can not be substantiated.
The date of review is dated August 3rd, 2007! I'm
challenging that clearly the grievance officer didn't Review
the information in whole, because if he would have did
a total review of the information. He would've learned
that Internal Affairs returned the items that were
taken     June 2nd, 2007 After proof was shown that I
brought them. It can be clearly seen from the response
dated August 3rd, 2007 that he is unaware that the items
had been returned 2 months prior. Internal Affairs
actions proved that the commissary items were Removed

incorrectly. Also no IDR or Investigative report was ever written for the illegal confiscation of the commissary items. I was only given the shake down slip I've enclosed with this letter. A shakedown slip is use for the confiscation of contraband, but inmate commissary item clearly cannot be consider contraband when its sold to the inmate by the Administration. Therefore, how can a shakedown slip be issued for the confiscation of commissary? The fact that the officer took commissary items that 10 days later was given back by Internal Affairs should prove the officer lied when he stated the items were not on the receipt. It should also prove this administration practice use of discrimination against inmates where it fails to discipline officers who show signs of misconduct use. Clearly, there should be some remedy whom suffer from officer misconduct!

RECEIVED
AUG 21 2007
OFFICE OF
INMATE ISSUES

Alvin McGee
8/18/07

Alvin McGee
K71104
Hill Corr. Ctr.
P.O. Box 1700
Galesburg IL. 61401

ILLINOIS DEPARTMENT OF CORRECTIONS

Exhibit (C) 

**Offender Request**

Offender Name: Alvin McGee          ID #: K71104 Living Unit: 1 B 14

Please refer to the directory located in your orientation manual and address proper personnel.

To: COUNSELOR FRIEND

A request ☐ interview ☐ cell assignment ☐ visit ☐ banking ☐ purchase ☑ other (specify) _____

for the purpose of (explain): getting A Copy of the QRIEVANCE I Filed

AgAinst C/o Sgt. Lock, And A status REport

Thank You

Alvin McGee                                    6/11/07
          Offender's Signature                              Date

**DO NOT WRITE BELOW THIS LINE**

Remarks by staff (if necessary): Waiting for a          Remarks by supervisor (if necessary): _____

response.

V. Friend CCI
Print Staff Name                                      Print Supervisor Name

CCI
Staff Signature                    Date              Supervisor Signature                    Date

Distribution: Affected Unit

*Printed on Recycled Paper*

DOC 0286 (Eff. 9/2005)
(Replaces DC7177 & DC3811)