UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ALVIN MCGEE,
   Plaintiff,

vs.                                             No. 07-1338

STEPHEN WRIGHT, et al
   Defendants

## ORDER

     This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

     The plaintiff has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated at the Hill Correctional Center. The plaintiff has named five defendants including Assistant Warden Stephen Wright, Grievance Officer Robert Schisler, Counselor Jerri Friend, Correctional Officer Lock and Correctional Officer Custer.

     The plaintiff does not state specifically how he believes the defendants violated his constitutional rights, but instead focuses on the taking of his personal property and the failure to timely respond to his grievance.

     The plaintiff says on May 23, 2007, Officers Lock and Custer came to the plaintiff's cell with three other officers and asked him to exit the cell. The officers asked which property boxes belonged to the plaintiff and began to shake down the cell. The plaintiff says he was not allowed to stand near his cell door and observe the process. The plaintiff says he believes this is harassment and discrimination since they did not search his cell mate's belongings.

     The plaintiff was asked to provide receipts for the items in his property box, and the officers confiscated any items that did not have a corresponding receipt. (Plain. Comp, grievance). The plaintiff told the officers he did not have receipts for some of the items because he had purchased them within the last two to three months.

     The plaintiff says the officers also made threats to take his T.V. and were sexually intimidating during the search. The plaintiff says when he asked Officer Lock what was going on, the officer said "get in the cell" and made a "sexual gesture by puckering his lips and winking his eye at me before slamming the cell door in my face." (Comp., p. 4) The plaintiff says all the items were returned to him ten days later after proof was given that the plaintiff had

in fact purchased the items.. (Comp, p. 5, Aug. 8, 2007 letter)

The plaintiff says he filed a grievance concerning the event on May 23, 2007 and it was marked received on May 29, 2007. The plaintiff says despite his inquiries, the counselor did not respond to his grievance within 30 days. Instead, the plaintiff received a response on July 31, 2007. The plaintiff appealed to the grievance officer who denied his grievance on August 3, 2007. The chief administrative officer concurred in the denial on August 9, 2007 and the plaintiff says he appealed to the Administrative Review Board on August 18, 2007. The plaintiff says the board refused to consider his grievance because it was not submitted in the proper time frame. The plaintiff says this is due to the delays caused by the prison staff.

It appears the plaintiff is alleging that the officers did not conduct a proper search, did not have the right to take his property, made threats and harassed the plaintiff and failed to respond to his grievance. However, the plaintiff chose to file a federal lawsuit and none of his allegations state a violation of his constitutional rights.

Prison officials routinely do shake down searches of prisoners' cells for contraband. The plaintiff does not have a constitutional right to be present when the search is conducted. *Bell v Wolfish* 441 U.S. 520, 557 (1979) There is also nothing about the search to indicate it was done purely to harass the plaintiff and was not related to prison needs. The plaintiff was told he could not have contraband including items that he had not purchased at the commissary. The plaintiff was allowed to keep any items for which he had receipts, and the defendants only took items for which he had no receipt. Once the plaintiff was able to show he purchased the items at the commissary, the items were returned.

The fact that the defendants took the plaintiff's property is also not a violation of his constitutional rights. The plaintiff does not allege that the deprivation took place according to any established state procedure, nor that he lacked an adequate remedy under state law. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). In fact, the plaintiff admits that once he was able to prove he purchased the items, his property was returned within ten days. The plaintiff has failed to state any due process claim involving the loss of property.

The claims of threats and sexual harassment on May 23, 2007 also do not state a constitutional violation. Courts have generally found that isolated incidents of harassment involving verbal harassment and even touching do not rise to the level of a constitutional violation. *Akers v. Will County*, 1999 WL 787602 (N.D. Ill. Sept. 24, 1999) at 5, *quoting Berryhill v. Schriro*, 137 F.3d 1073 (8th Cir. 1998)(single incident where officer demanded sexual contact and threatened use of stun gun not a constitutional violation); *see also Jones v. Culinary Manager II*, 30 F.Supp.2d 491 (E.D.Pa 1998) (single incident of "grinding" against plaintiff's buttocks accompanied by threat to have sex with plaintiff insufficient to state Eighth Amendment claim for sexual harassment); *see also Boddie v Schneider*, 105 F.3d 857 (2nd Cir. 1997) (small number of incidents including verbal harassment, unwanted touching insufficient to state Eighth Amendment violation). The comments and actions of the defendants do not rise to the level of a constitutional violation.

Finally, the fact that the defendants did not timely reply to the plaintiff's grievance is not a constitutional violation. "[A]ny right to a grievance procedure is a procedural right, not a substantive one." *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1995). Therefore, grievance procedures do not give rise to any liberty interests protected by the Due Process Clause. *Id.* In addition, plaintiff's use of the judicial process indicates that the defendants have not curtailed his First Amendment right to petition the government for redress of his grievances. *Id.*

**IT IS THEREFORE ORDERED:**

1) **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. All pending motions are denied as moot [d/e 2], and this case is closed, with the parties to bear their own costs;**

2) **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log;**

3) **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

4) **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

5) **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

6) **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)©. If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 9th day of January, 2008.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE